REQUESTED BY: Dear Senator:
You have raised questions regarding LB 425, Eighty-fifth Legislature, First Session. You state in your letter that this bill amends sections 43-512, 43-512.01 and43-512.03, R.R.S. 1943. You suggest that the amendment allows the county attorney to assume investigative authority. This bill provides in section 2:
 "The county board of public welfare, through its agents and employees, shall thereupon make such investigation as it deems necessary or as may be required by the county attorney. . . ."
It would appear that this language only authorizes the county attorney to request the initiation of an investigation by those persons charged with making such an investigation. This change merely transfers the right to request or direct an investigation from the Director of Public Welfare, a state officer, to the county attorney, a locally elected official. We do not interpret this change to invest any greater investigatory authority in the county attorney than heretofore existed as an agent of the County Board of Public Welfare. In all cases where prosecution or enforcement of child support obligations are sought, the county attorney plays a significant role as the chief law enforcement officer for the county. He is required to file and prosecute such actions as may be necessary. As such he is entitled to all information and all assistance that may be required to successfully complete such proceedings.
You state in your letter that your concern is that if the county attorney has investigatory authority there may be some violation of state statutes relating to confidentiality. There are no specific state statutes to which we could point that relate to confidentiality in such a context. Nor are we aware of any statute which would preclude a county attorney from securing access to any information which would be relevant to a criminal prosecution. It is the duty of the county attorney in his official capacity among other things to `. . . prosecute or defend, on behalf of the state and county, all suits, applications, or motions, civil or criminal arising under the laws of the state in which the state or the county is a party interested; . . .' Section 23-1201, R.R.S. 1943. In order to effectively carry out such duties the county attorney must be entitled to receive all information that is relevant and material to any such action. As an attorney he is also bound by the Code of Professional Responsibility. As such, any information of a confidential nature that would come into his possession would be covered under the terms of that Code.
The only effect of the cited language in LB 425 is to shift the authority to request an investigation from the Director of Public Welfare to the local county attorney. While this may raise some issue regarding federal funding of welfare programs, it does not affect any issue regarding confidentiality. Thus, it is our opinion that the proposed amendments contained in LB 425 including requirement that a copy of an application requesting financial assistance for a dependent child be filed with the county attorney do not violate any restrictions upon confidentiality of information. It is also our opinion that the county attorney is entitled to the information contained within a copy of the application and perhaps the application itself if that information is material and relevant to any pending legal proceedings undertaken or to be undertaken in his official capacity.